IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO ORTEGA,<br><br>            Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>            Defendants. | Case No. 1:11-cv-01848 LJO JLT<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THE MATTER FOR FAILING TO COMPLY WITH COURT ORDERS** |

On November 7, 2011, Plaintiff Reynaldo Ortega filed his Complaint for damages and injunctive relief against multiple defendants related to the refinance and subsequent foreclosure of the real property located in Bakersfield, California.   (Doc. 1).  For the reasons set forth below, it is recommended the matter be dismissed.

**I.        Procedural History**

On November 10, 2011, the Court reassigned Plaintiff's action to Magistrate Judge Thurston.  (Doc. 3).  Since there has been no activity on this case since that time, Magistrate Judge Thurston issued an order to show cause why the matter should not be dismissed for failure to prosecute. (Doc. 4).  Plaintiff was to respond to the order to show cause, no later than June 25, 2012, but has failed to do so. (Doc. 4).  Plaintiff was cautioned that failure to timely respond to

the Court's order may result in the Court dismissing the entire matter.  (Doc. 4).

**I.     Legal Standards**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to prosecute his case.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, given Plaintiff's failure to respond to the Court's order to show cause, no lesser sanction is feasible.

**II.     Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for

Plaintiff's failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 28, 2012**                              **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE